## HOPKINS *v.* HOPKINS.

Where the alleged cause of divorce is such that it must have continued three years next preceding the filing of the libel, in order to entitle the party petitioning to a decree annulling the marriage contract, it must be alleged in the libel and proved by the evidence that the domicil of the libellant has been in this State during that period, in order to give the court jurisdiction to decree a divorce.

Where the causes of divorce alleged were willing absence, without making provision for the support of the wife, abandonment without cause and without consent, and refusal to cohabit, and habitual drunkenness; and it appeared that the husband deserted the wife in Massachusetts more than sixteen years ago, and had since resided most of the time in this State, and it was not alleged or proved that since the desertion, the wife had acquired any domicil in this State, but her residence was shown to have continued in Massachusetts uninterruptedly, except when she came into this State and remained seven weeks, for the purpose of filing her petition for divorce :

*Held,* that the court had no jurisdiction to decree a divorce, however clearly the libellant might have been entitled to such decree, if her domicil had been in this State during the three years next preceding her application therefor.

LIBEL FOR DIVORCE, filed November 28, 1856. The alleged causes set forth in the petition were, willing absence, from September 1, 1843, to the filing of the libel, without making any provision for the libellant's support ; abandonment, without cause and without consent, and refusal to cohabit from April 1, 1841, to the filing of the libel, and habitual drunkenness from November 1, 1853, to the time of filing the libel. The libellant was described as of Chesterfield, and the libellee as of Rindge, in this county. It was alleged in the petition that the parties were married at Fitchburg, Massachusetts, in 1826 ; that for three years thereafter they resided together in Maine, then for six years in Chesterfield, in this county, and then at Fitchburg, Massachusetts, until 1841, when he deserted her and came to Rindge, in this county, where he has since resided. These allegations were sustained by the evidence. It further appeared that the libellant had not resided in this State since 1839, except that in October and November, 1856, she stopped at Chesterfield seven weeks, and then immediately returned to Fitchburg, where her home had been for the last eighteen years.

Hopkins v. Hopkins.

*F. Vose*, for the libellant.

FOWLER, J. It is very clear, from an examination of the provisions of our statutes relating to divorces, that all the causes of divorce alleged in the present case are such as must continue for three years next immediately preceding the filing of the libel, in order to entitle the innocent party to a decree annulling the marriage contract. The injury to the party is the three years' continuance of the alleged cause of divorce, and that injury must have occurred to the party injured while her domicil was in this State, or else this court has no jurisdiction of the case. Where a cause of divorce must have existed continuously for three years next preceding the filing of the libel, in order to entitle the party petitioning to a decree of divorce, the libel should distinctly allege, and the evidence prove, the continued domicil of the party in this State during that entire period. In the present case, it is not shown that the libellant had her domicil in New-Hampshire during any portion of the three years. Indeed, her actual residence is proved to have been at Fitchburg during the last eighteen years, with the exception of a temporary visit of seven weeks to Chesterfield, in the fall of 1856.

But, it is contended for the libellant, that if the husband's residence were in Rindge, of which there is some evidence, the wife's must constructively and in contemplation of law have been there also. We do not think this position can be maintained. When the husband abandoned his wife, necessity of separate and independent existence gave her a separate residence and domicil, and when he came into this State, leaving her in Massachusetts, her domicil remained there with her, and there it still continues.

In *Payson* v. *Payson*, 34 N. H. 518, it was held that, where the husband deserted his wife in Massachusetts, and himself remained there, but she afterwards came to this State to reside, and supported herself by her own labor, she acquired a domicil here; and having continued her residence here more than three years next preceding the filing of her petition for divorce, the de-

sertion, which was alleged as the cause of divorce, was considered to have arisen and continued for three years in this State, although the husband was never actually within the limits of the State.

In the case before us there is no pretense that the injury to the libellant can have continued more than seven weeks in this State, and it is therefore clear, under the statute, that the court have no authority to decree a divorce.

*Libel dismissed.*